IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| RODNEY JAMES MARINA | ) |
| | ) |
| v. | ) CR95-N-270-S |
| | ) CV. NO. 08-CO-8001-S |
| | ) |
| UNITED STATES OF AMERICA | ) |

<u>MEMORANDUM OF OPINION</u>

On January 18, 2008 Rodney James Marina filed a pleading entitled "Ad Subjiciendum Habeas Corpus Petition." The petition is CONSTRUED as a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

The Great Writ was codified by 28 U.S.C. § § 2241, 2254, and 2255. A federal conviction or sentence is generally collaterally attacked by filing a motion under 28 U.S.C. § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied*, 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). "Under the savings clause of Section 2255, a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention." *Id.*

This is Marina's second attempt to challenge the validity of his conviction and sentence. The first § 2255 Motion to Vacate was denied on January 6, 2004 and the Eleventh Circuit Court of Appeals denied the motion for certificate of appealability. See, CR95-N-270-S and CV01-CO-8051-S. Despite Marina's attempt to characterize this action as an "Ad Subjiciendum Habeas Corpus," this challenge is nevertheless an unauthorized second or successive motion.

Section 2255 provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Burton v. Stewart*, ___ U.S. ___, 127 S.Ct. 793, 796, 166 L.Ed.2d 628 (2007), the United States Supreme Court held in the § 2254 context that because a state prisoner did not receive authorization from the Court of Appeals before filing his second challenge, "the district court was without jurisdiction to entertain it." In *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003), the Eleventh Circuit held in the § 2255 context:

> Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir.1997). Because Farris did not have authorization from this Court before filing his Rule 60(b) motion, the district court did not err in denying his motion as an unauthorized successive § 2255 motion.

Article I, § 9, Clause 2, of the *United States Constitution* provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." In *Medberry v. Crosby,* 351 F.3d 1049, 1058 (11th Cir. 2003), *cert.*

*denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004), the Eleventh Circuit recognized that "there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by, inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)." The validity of a federal sentence may be collaterally attacked by filing a petition under 28 U.S.C. § 2255; however, under what is referred to as the "savings clause" of § 2255, a federal prisoner may challenge his federal sentence by filing a § 2241 petition if § 2255 relief would be inadequate or ineffective. *Sawyer v. Holder, supra.* In *Collazo v. United States*, 190 Fed.Appx. 759, 761, 2006 WL 1818582 (11th Cir. 2006), the Eleventh Circuit discussed whether the Savings Clause violated the Suspension Clause and concluded that it did not:

> Under the Suspension Clause, the "writ as it existed in 1789" is a constitutional floor, below which Congress cannot restrict the writ of habeas corpus. *See INS v. St. Cyr,* 533 U.S. 289, 300-01, 121 S.Ct. 2271, 2279-80, 150 L.Ed.2d 347 (2001) ("[A]t the absolute minimum, the Suspension Clause protects the writ as it existed in 1789." (quotation marks and citation omitted)). **However, Congress can, and has, altered the writ since 1789.** *See Felker v. Turpin,* 518 U.S. 651, 663-64, 116 S.Ct. 2333, 2339-40, 135 L.Ed.2d 827 (1996) (discussing history of the writ); *see also Medberry v. Crosby,* 351 F.3d 1049, 1057 (11th Cir.2003) (noting that the savings clause "avoided any serious question about whether ... § 2255 caused an unconstitutional suspension of the writ."); *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 1230, 51 L.Ed.2d 411 (1977) (stating that District of Columbia legislation patterned after § 2255 did not violate the Suspension Clause because "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus"). **Moreover, the remedy created in § 2255 is "the exact equivalent of the pre-existing habeas corpus remedy**." *Swain,* 430 U.S. at 381, 97 S.Ct. at 1230.

(Emphasis added). *See also, Hill v. United States,* 368 U.S. 424, 427-428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)("[i]t conclusively appears from the historic context in which § 2255 was enacted

that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.") Section 2255 and its Savings Clause do not violate the Suspension Clause.  Further, neither the one-year limitations period for filing an initial habeas corpus petition nor the Anti-Terrorism and Effective Death Penalty Act's restriction on successive petitions amounts to suspension of the writ. *See Collazo, supra, n. 5,   citing Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1217 (11th Cir.2000).

A federal prisoner may not circumvent the restriction on second or successive § 2255 motions by filing the action pursuant to 28 U.S.C. § 2241,  *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir. 1999) or by filing a Rule 60(b) motion, *Farris v. United States, supra*. Likewise, the restriction on second or successive petitions should not be circumvented by filing the action pursuant to the constitutional writ of habeas corpus which has clearly been codified by 28 U.S.C. § § 2241, 2254, and 2255.

Regardless of how Marina characterizes the petition, it is actually a  § 2255 motion and, as such, is subject to the second or successive petition restriction.[1]  His first § 2255 motion (doc. #1 in

---

[1]   This court is aware of the decision by the United States Supreme Court in *Castro v. United States,*  540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) in which the Court stated:

> [T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's **first** § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

*Castro*, 540 U.S. at 377, 124 S.Ct. at 789 (Emphasis added.)

The case presently before this court  is distinguishable from *Castro* because this is not Marina's first § 2255. *See, Burton v. Stewart, supra,* n. 3.

CV01-CO-8051-S) was characterized by him as a a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correction Sentence." (CR95-N-270-S, doc. #46; CV01-CO-851-S, doc. #1) and was addressed on the merits as a § 2255 motion. Because Marina did not receive authorization from the Eleventh Circuit Court of Appeals before filing this § 2255 motion, the motion is due to be DISMISSED based on this court's lack of jurisdiction to consider his second or successive motion.

Based on the foregoing, this motion is due to be dismissed for lack of jurisdiction. A separate order consistent with this Memorandum of Opinion will be entered simultaneously herewith.

Done this 13th day of February 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671